**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
CHOOSE DIVISION.

| | |
|---|---|
| Michael Thomas *also known as* Michael Darrell Thomas,<br><br>　　　　Plaintiff,<br>　　v.<br><br>M. Cox and Cpt. Blakley,<br><br>　　　　Defendants. | Case No. 6:25-cv-12065-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (R&R") of the Magistrate Judge, recommending partial summary dismissal of Plaintiff's complaint. (Dkt. No. 34). The Court adopts the Report and Recommendation and dismisses Plaintiff's due process and retaliation claims.

## I.    Background

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violation of his First and Eighth Amendment rights in connection with an incident that occurred on March 11, 2025, during which Plaintiff's hand was slammed in a tray flap. (Dkt. No. 1 at 6–7). As a result of the injuries he sustained, Plaintiff brings an excessive force claim against Officer Cox. Additionally, as it relates to the R&R, Plaintiff alleges that he did not receive due process in connection with a prison disciplinary action taken against him and that the disciplinary action was retaliation for a grievance he filed after the incident.

The Magistrate Judge issued an order notifying Plaintiff that the Complaint was subject to dismissal for failure to state a claim upon which relief may be granted, and that he could

attempt to cure the defects identified in his Complaint by filing an amended complaint within fourteen days of the order. (Dkt. No. 26). The deadline to file an amended complaint was later extended to March 23, 2026. (Dkt. No. 29). Plaintiff did not file amended complaint in the timeframe ordered by the Magistrate Judge.[1]

On April 28, 2026, the Magistrate Judge issued an R&R, recommending partial summary dismissal of the complaint, as it relates to Plaintiff's due process and retaliation claims. (Dkt. No. 34). The Magistrate Judge explained in the R&R that Plaintiff's Complaint is subject to partial summary dismissal because (1) a due process challenge to the loss of good time credit is not a cognizable Section 1983 claim and must be brought instead as a habeas corpus action and (2) Plaintiff's retaliation claims fails to allege a protected activity and causal connection between the incident and his charge. (*Id.* at 4–6). The Magistrate Judge further recommended that Plaintiff's excessive force claim against Officer Cox was not subject to summary dismissal as currently presented and should be allowed to proceed. (*Id.* at 3).

Plaintiff did not file any objections to the R&R. Instead, on May 22, 2026, he filed a Motion for Leave to File Amended Complaint. (Dkt. No. 38). Plaintiff's Proposed Amended Complaint largely repeats the general facts of his original complaint. (Dkt. No. 38-1). The matter is now ripe for the Court's review.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with

---

[1] Plaintiff previously filed a Motion to Amend the Complaint on November 12, 2025. (Dkt. No. 13). That motion was denied by the Magistrate Judge because the filing was not a complete amended complaint. (Dkt. Nos. 15, 16).

the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). In the absence of timely filed objections, the Court need not conduct a de novo review but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**III.     Discussion**

The Court has reviewed the R&R and the record in this case. No party has filed objections to the R&R, and the deadline to file objections has passed. Since there are no specific objections, "[the] district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond*, 416 F.3d at 315 (internal quotation omitted). This Court finds that the Magistrate Judge correctly applied the controlling law to the facts of this case. As the Magistrate Judge correctly determined, the Complaint fails to allege any specific facts to support a due process or retaliation claim. (Dkt. No. 34 at 4–6).

The Magistrate Judge also correctly concluded Plaintiff's due process and retaliation claims are subject to dismissal with prejudice. Plaintiff was given the opportunity to amend his complaint but failed to properly do so in the timeframe ordered by the Magistrate Judge. *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018) (Mem.) (noting that where the district court has already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"); *Knox v. Plowden*, 724 F. App'x 263 (4th Cir. 2018) (Mem.) (on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 730 F. App'x 171 (4th Cir. 2018) (Mem.). Thus, in line with

Fourth Circuit case law, Plaintiff's due process and retaliation claims are dismissed with prejudice because Plaintiff had an opportunity to amend but failed to cure deficiencies in his Complaint.

Plaintiff's motion to amend is further denied as procedurally improper and futile. In addition to the fact that proposed amendment is untimely, it also largely mirrors Plaintiff's original complaint. The Proposed Amended Complaint does not cure the defects that plague Plaintiff's due process and retaliation claims.

In sum, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion to amend. Alternatively, to the extent Plaintiff intended his motion to amend to constitute objections to the R&R, the Court overrules said objections because they are neither responsive nor specific to the R&R.

## IV.     Conclusion

The Court finds no clear error on the face of the record. Accordingly, for the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 34) as the Order of the Court and **DISMISSES WITH PREJUDICE** Plaintiff's due process and retaliation claims (Dkt. No. 1). Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED** (Dkt. No. 38). The case shall proceed on the remaining excessive force claim against Officer Cox.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 3, 2026
Charleston, South Carolina